42 F.3d 1398
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carol H. CHANG, Plaintiff-Appellant,
v.
AERONAUTICAL RADIO, INC., Defendant-Appellee.
 No. 93-17119.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 4, 1994.
Decided Nov. 22, 1994.
 
 Before: BROWNING, TROTT and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Carol L.H. Chang appeals the district court's judgment in favor of her former employer, Aeronautical Radio, Inc. ("ARINC"), on Chang's claim for wrongful termination. After conducting a bench trial, the district court determined Chang failed to establish that ARINC's medical leave of absence policy ("MELOA") created an implied contract which precluded ARINC from terminating Chang's employment at will and for any reason. Chang contends the district court erred by 1) failing to find the MELOA provision and oral statements made by Chang's supervisors created an implied contract obligation; 2) requiring Chang to show she relied on the MELOA provisions; and 3) failing to find ARINC's actions breached the MELOA provisions. Additionally, on appeal Chang alleges generic violations of federal law and public policy. We affirm.
 
 STANDARD OF REVIEW
 
 3
 "In reviewing a judgment following a bench trial, we review the district court's findings of fact for clear error and its legal conclusions de novo." Tonry v. Security Experts, Inc., 20 F.3d 967, 970 (9th Cir.1994).
 
 DISCUSSION
 
 4
 As a preliminary matter, the parties disagree over whether the district court's decision rejecting Chang's implied employment contract claim is a legal conclusion reviewed de novo or a question of fact reviewed for clear error. While the Hawaii courts have not yet addressed this issue, the majority of cases from other states treat the inquiry as a question of fact. See, e.g., Leikvold v. Valley View Community Hosp., 688 P.2d 170, 174 (Ariz.1984). We find it unnecessary to decide this issue as we conclude Chang's claim fails even when reviewed de novo.
 
 
 5
 * It is undisputed Chang's employment with ARINC was at will. However, Chang contends ARINC modified her at will employment by promising, in the MELOA provision, not to fire her while she was on sick leave unless, and until, the company hired a replacement. To reach the conclusion Chang urges, we must infer a negative from ARINC's use of the adjective "absolute" in the MELOA provision. We decline the invitation. We note that in the one Hawaii case which found an implied employment contract obligation, the employer's policy statements clearly promised specific treatment in a specific situation. Kinoshita v. Canadian Pacific Airlines, Inc., 724 P.2d 110, 114 (Haw.1986). That is simply not the case here. As a matter of law, we conclude the MELOA provision did not alter Chang's at will status.
 
 
 6
 Our decision is reinforced by the absurd results which would follow from implying such a promise. ARINC would be precluded from firing an employee while she was on leave, but free to terminate the same employee the day she returned to work. Similarly, ARINC would retain the unfettered right to fire an employee who was adequately performing, but could not fire an employee who was unable to work.
 
 II
 
 7
 Chang also claims the oral assurances made by her supervisors created an implied employment contract. However, at trial Chang did not present the supervisors' statements as an independent ground for finding a modification of her at will status, and the case was not tried on that basis. Rather, the supervisors' statements were offered as evidence in support of an interpretation of the MELOA provision favoring Chang's claim. The district court considered the supervisors' assurances, along with other extrinsic evidence, and concluded the language in the MELOA provision did not create an implied contract obligation. After reviewing the record, we are convinced the district court's determination was correct.
 
 III
 
 8
 Because we agree with the district court's conclusion that the MELOA provision does not create an implied contract obligation, we need not address the remaining issues raised by Chang's appeal. ARINC asks us to impose Rule 38 sanctions on Chang for bringing a frivolous appeal. See Fed.R.App.P. 38. Although the basis on which this appeal was filed is questionable, we decline to award sanctions.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3